In The United States District Court
For The Middle District Of Pennsylvania

Jorge Gomez
   Plaintiff

                                    No. 1:20-cv-01637

V.                                Judge Kane

Thomas Cullen, et al,
   Defendants

## Plaintiff's File A Notice Of Intent To Persue Under Medical Negligence To Proceed On Certificate of Merit

And now, Here comes Plaintiff's Jorge Gomez pro-se, who avers the following relief which will be explain below:

Pa. R.C.P. No. 1042.3 "Rule 1042.3" provides in pertinent part: Rule 1042.3 Certificate Of Merit.

   a) In any action based upon an allegation that a licensed deviated from an acceptable professional standard, the attorney for the, or the Plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, A certificate of merit signed by the Attorney or party that either:

   1) An appropriate licensed professional has supplied a written statement that there exists a reasonable probavility that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable

professional standards and that such conduct was a cause in bringing about the harm or,

 2) The claim that the defendants deviated from an acceptable professional standards is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard, or

 3) Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

 Upon this Gomez will move forward under PA.R Civ. P. 1042.3. During the facts a professional liability claim can be warranted under credibility determination. When the facts a professional such as Doctor T. Cullen, HSA R. Parkyn of FCI Allenwood medium turn there eyes and did not warrant treatment on Plaintiff's illness. Also not giving proper medication for Plaintiff's Colitis, Proctitis and prostatitis and Special Diet. See(Smith v. Friends Hospital, 2007 PA super 188, 928 A.2d 1072, 1074-75 PA. Super Ct. 2007) quoting PA. R. Civ. 1042.3. Also See(Tenon v. Dreibelbis, 2017 U.S. Dist. Lexis 55776 Civil No. 1:CV-12-1278 April 12, 2017) Claim that prison officials failed to respond to a complaint that pain medication and a "soft diet" is an Eighth Amendment claim.

 Federal courts have found that this rule constitutes state substantive law and thus applies in federal courts in Pennsylvania pursuant to(Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 1938)

This approach will be discuss further under two theory Malpractice claims and ordinary Negligence lawsuit:

In conducting this inquiry, A court must ask two fundamental question in determining whether a claim sounds in ordinary negligence or medical malpractice:

1) Whether the claim pertains to an action that occurred within the course of a professional relationship; and

2) Whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. See (Davis v. United States, 2009 U.S. Dist. Lexis 27835, No. 07-0566 2009 WL 890938, at 5 MD. PA. Mar 31, 2009)(citing Smith v. Friends Hospital, 2007 PA. Super 188, 928 A.2d 1072, 1975-76 PA. Super. 2007.) When evidence is predicated, Care and treatment by licensed professionals, The evidence must be charactirized as evidence of professional negligence.

Gomez theory in this, are directed at the facts out of Third circuit which comesforth as a limit circumstance, Upon certain acts or omission by prison medical staff can constitute a breach of an ordinary negligence duty. Just as in Gomez case he was deprive to receive proper medication and Special Diet. The facts that does not involve an issue of medical judgment, and therefore can constitute a breach of the United States ordinary legal duty see (Reigle v. Reish et al, 2011 U.S. Dist. Lexis 113489 Civil No. 1:CV-11-0052 3rd Cir Oct 3, 2011) The court held that plaintiff inmate adequately stated Eighth Amendment claims for inadequate

medical care against defendants, a prison doctor and non medical prison officials, because plaintiff alleged that the doctor was aware of his serious medical needs, That the doctor wrongfully delayed and withheld treatment, That the doctor's conduct resulted in pain, discomfort and the worsening of Plaintiff's medical conditions. Also See (Jones v United States, 91 F.3d 623, 625 3d cir 1996) Similarly the denial of access to medical treatment by medical staff has been determined to constitute an act of ordinary negligence. Gomez further will guide his theory in alleging administrative failure rather than medical malpractice, The complaint sounds in ordinary negligence. See (Balter v United States, NO. 3:09-cv-1409, 2014 U.S. Dist. Lexis 48594, 2014 WL 1365905 at 25 MD.PA. Apr 7, 2014) Also see (McLean v. United States, 2016 U.S. Dist. Lexis 16706 MD.PA. Feb 11, 2016) Credibility Issue.

    Gomez rely on the record which is directed at this stage of proceeding when his attention was clearly met upon the facts each of the Defendant's stating Gomez suffer from Colitis, proctitis and prostatitis. Futher inquiring that Gomez needed medication and Special Diet because of Colitis. To alleged an Eighth amendment cause of action base on the failure to provide adequate medical care a plaintiff must demonstrate.
    1) That the Defendant's were deliberately indifferent to plaintiff's medicals needs and
    2) That those needs were serious. See (Rouse v. Plantier, 182 F.3d 192, 197 3rd cir 1999)(quoting Ramos v. Lamm, 639 F.2d 559, 571 10th cir 1980) Accordingly. allegation's that a prisoner was served Food contaminated or tainted by foreign objects and was injured as a result might be sufficient to state an Eighth or fourteenth Amendment claim. Also see (Tenon v. Dreibelbis

2017 U.S. Dist. Lexis 55776 Civil No. 1:CV-12-1278 April 12, 2017.) Claim that prison officials failed to respond to a complaint that pain medication and a soft Diet is an Eighth Amendment claim.

With this said Gomez will rely on the facts as such in PA.R.Civ. 1042.3. Which at this time the court should rely on Credibility, "fact Finding" upon each defendant's Admission that is develope in the Record.

## Conclusion

Wherefore Mr. Gomez Pray's Honorable Judge Yvette Kane, Grant Plaintiff's file a notice of Intent to persue, Under medical Negligence to proceed on Certificate Of Merit.

Date: Oct 26, 2020                Respectfully Submitted

*[signature]*

Jorge Gomez #72297-054
FCI Allenwood medium
P.O. Box 2000
White Deer, PA. 17887

INMATE NAME/NUMBER: Jorge Gomez 72297-054
FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD medium
P.O. BOX 2000
WHITE DEER, PA 17887

RECEIVED
SCRANTON
NOV 02 2020
PER _____
DEPUTY CLERK

legal mail

HARRISBURG PA 171
27 OCT 2020 PM 1 L

legal mail

Clerk of Court
P.O. Box 1148
235 Washington Ave.
Scranton, PA 18501

OCT 26 2020

18501-␣␣␣␣␣